IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**(Northern Division)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO. 24-CR-0034 RDB |
| v. | * | |
| | * | |
| RODNEY BURTON, | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RODNEY BURTON'S MOTION FOR LEAVE TO FILE AN AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING IN EXCESS OF PAGE LIMITS

Rodney Burton respectfully requests leave to file an Amended Memorandum of Law In Support of Motion to Reopen Detention Hearing In Excess of Page Limits that will exceed the thirty-page limit set forth in Local Rule 105.3. In support of this Motion, Mr. Burton states:

**PROCEDURAL HISTORY**

On December 1, 2025, Mr. Burton filed a Motion to Reopen Detention Hearing and Impose Conditions of Release (Dkt. No. 61) coupled with a Memorandum of Law In Support. Dkt. No. 62 (Memo. of Law). On December 3, 2025, the Government filed a Motion to Set Briefing Schedule. Dkt. No. 63. On December 4, 2025, the Court granted the Government's Motion. Dkt. No. 64. Later that night, the Defense filed a Motion for Reconsideration. Dkt. No. 65. In denying the Defense's Motion for Reconsideration, the Court correctly noted, "Under Local Rule 105.3—made applicable to criminal proceedings by Local Rule 207.1—[u]nless otherwise ordered by the Court, memoranda in support of a motion. . . shall not

1

exceed thirty (30) pages. Mr. Burton did not seek the Court's approval to file a 72-page Motion to Reopen, which exceeds the limit imposed by the Court's Local Rules by some 42 pages." Dkt. No. 66 at 2-3 (internal citations omitted) (alterations in the original). To rectify the Defense's failure to seek the Court's approval for a memorandum exceeding the 30-page limit imposed by the Local Rules, the Defense files the instant Motion seeking the Court's approval.

In its Motion for Reconsideration, the Defense alerted the Court and the Government that there is an editing error on pages 8-11 in its Memo. of Law. Dkt. No. 65 at 4 n.4. Accordingly, the Defense also files this Motion to amend those editing errors and correct the original Memo. of Law.

## LEGAL STANDARD

As the Court noted, the Local Rules impose a 30-page limit on memoranda of law. Dkt. No. 66 at 2-3.

While there is no Rule of Criminal Procedure addressing the correction of typographical errors (i.e., misspellings and punctuation), removing redundant text inadvertently left in a memorandum of law, or making minor formatting corrections for readability, the Court does have the inherent authority to permit the correction of clerical errors in filings to ensure the accurate administration of justice. *See* Fed. R. Crim. P. 36 (authorizing correction of clerical mistakes).

## ARGUMENT

### I. A 30-page limit would only allow for a superficial treatment of detailed issues regarding Mr. Burton's pre-trial liberty.

The "unless otherwise ordered" language of Local Rule 105.3 grants this Court discretion to permit longer memoranda when circumstances warrant. This case presents such circumstances. Mr. Burton seeks to reopen a detention hearing (or decision) after 707 days of pre-trial incarceration. The Memo. of Law addresses:

- Changed and material circumstances requiring detailed analysis,
- Time-served calculations under multiple scenarios,
- Analysis of new Justice Department policy (the Blanche Memo.),
- Detailed factual and legal background regarding HyperFund, Chairman Sam Lee, Brenda Chunga, and others to establish Mr. Burton's lack of knowledge and willfulness,
- Application of all four 18 U.S.C. § 3142(g) factors, and
- A comprehensive twelve-step release plan.

These issues cannot be adequately addressed in thirty pages without sacrificing the factual and legal detail necessary for the Court's informed decision. While these details do not mean the issues are complex, compressing them into thirty pages would result in a necessarily superficial treatment of the issues affecting a man's pre-trial liberty.

Over the Defense's objection, the Government requested and received fourteen days to respond to the original Memo. of Law. Dkt. No. 64. While Mr. Burton's Motion for Reconsideration sought a shortened schedule (Dkt. No. 65), the Government will have sufficient time to respond to an Amended Memo. of Law, which is now one page shorter. Dkt. No. 68 (Amended Memo. of Law). The Government has been familiar with this case for two years and has anticipated

3

these arguments since at least July 2025. Dkt. No. 65 at 4. Moreover, a shorter, clearer Amended Memo. of Law will benefit the Government by eliminating needlessly repetitive arguments. Thus, this Court should grant this Motion under Local Rule 105.3.

### II.     Amendments to the Memo. of Law

For, at least, three reasons, the Court should allow for the Amended Memo. of Law. **First**, the amendments to the Memo. of Law are straightforward. They address typographical errors (i.e., misspellings and punctuation), remove redundant text inadvertently left in the Memo. of Law, and make minor formatting corrections for readability. A copy of the proposed Amended Memo. of Law is attached as Exhibit 1, with corrections shown in redline format for the Court's convenience and the Government. A clean copy of the Amended Memo. of Law is filed as a supplement to this Motion at docket number 68. **Second**, allowing the amendments avoids the potential confusion from having both the original Memo. of Law and the acknowledged editing error on the record. **Third**, a properly edited Memo. of Law will facilitate more efficient briefing. The Government's Response can address clear, non-repetitive arguments rather than sorting through redundant ones. Accordingly, the Court should use its inherent authority to allow for the filing of the Amended Memo. of Law (Dkt. No. 68) as a replacement to the Memo. of Law (Dkt. No. 62).

## CONCLUSION

Mr. Burton respectfully requests that this Court grant him leave to file the Amended Memo. of Law in Support of Motion to Reopen Detention Hearing in excess of page limits.

Respectfully submitted,

*/s/ Kobie Flowers*
Kobie Flowers
Fed. Bar # 16511
Flowers Keller LLP
1601 Connecticut Avenue, NW
Washington, D.C. 20009
o 202.993.1282
d 202.521.8742
kflowers@flowerskeller.com

Attorney for Rodney Burton